```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA,      :
                               :
     v.                        :   CASE NO. 3:12CR154(RNC)
                               :
ORLANDO NEALEY                 :
```

### RULING ON DEFENDANT'S MOTION FOR REVOCATION OR AMENDMENT OF DETENTION ORDER

The defendant is charged in a one count indictment with Unlawful Possession of Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and (2). Magistrate Judge Martinez ordered him held in pretrial detention. He seeks release.

I. Background

The defendant was arrested on July 20, 2012 and presented before Magistrate Judge Martinez. The government requested pretrial detention on the grounds that the defendant is a danger and a risk of flight. (Doc. #8.) The government's motion stated that the case is eligible for detention because the defendant is charged with "a "crime of violence as defined in Title 18, United States Code, Section 3156" and also because there is "a serious risk that the defendant will flee." Id. It argued that the "court should detain defendant because there are no conditions of release which will reasonably assure the

defendant's appearance as required and/or the safety of any other person and the community." Id.  After a hearing on July 24, 2012, (doc. #10), Magistrate Judge Martinez ordered the defendant detained.  (Doc. #11.)  She declined to find that the defendant is a risk of flight but did find that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community."  (Id.)  She set forth more detailed findings of fact orally on the record.  (Tr. 7/24/12 at 18.)

On July 27, 2012, the defendant appealed the magistrate judge's order of detention to the district judge.  (Doc. #14.) Judge Chatigny scheduled a September 5, 2012 hearing on the defendant's request.  (Doc. #32.)  That day, the defendant filed a memorandum in support of his appeal challenging for the first time the statutory basis for detention.  (Doc. #26.)  He argued that the charge of possession of ammunition by a convicted felon is not one of the crimes eligible for detention.  Citing United States v. Ploof, 851 F.2d 7 (1st Cir. 1988), the defendant pointed out that "[u]nder the Bail Reform Act, only defendants charged with certain enumerated crimes can be detained.  18 U.S.C. § 3142(f)(1) and (2).  Unless the crime for which a defendant is accused falls into one of these categories, detention on the basis of a danger to the safety of the community or others is not permitted."  (Doc. #26 at 2.)

2

Because the defendant's memorandum raised an issue not considered by the magistrate judge, Judge Chatigny referred the motion to the magistrate judge for her consideration. (Doc. #33.)

Magistrate Judge Martinez held a hearing on September 6, 2012. (Doc. #39.) Just before the hearing, the government filed an opposition brief. (Doc. #37.) In short, the government argued that the defendant is eligible for detention because his charge of unlawful possession of ammunition in violation of 18 U.S.C. § 922(g) does constitute a crime of violence within the meaning of the Bail Reform Act. (Id.)

The magistrate judge heard argument at the September 6 hearing. The only issue before the court at this juncture is whether the defendant is statutorily eligible for detention. The parties agree that the issue may be decided on the present record. (Tr. 9/6/12 at 6.)

II. Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3142 et seq. authorizes the detention of a defendant in delineated circumstances to reasonably assure his appearance as required and the safety of any other person and the community. The Act permits pretrial detention only when the defendant is charged with certain crimes enumerated in the statute, 18 U.S.C. § 3142(f)(1), or when there is a serious risk that the defendant

will flee, obstruct justice, or threaten or injure or intimidate a witness or juror.  18 U.S.C. § 3142(f)(2).

> After a motion for detention has been filed, the district court must undertake a two-step inquiry.  See United States v. Shakur, 817 F.2d 189, 194 (2d Cir. 1987).  It must first determine by a preponderance of the evidence, see United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987), that the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice.  Once this determination has been made, the court turns to whether any condition or combinations of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial.  United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.), cert. dismissed, 479 U.S. 978 (1986).

United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

   A.  Crime of Violence

The issue presented here is whether the defendant is charged with one of the crimes enumerated in the Bail Reform Act.[1]  The defendant maintains that he is not; the government argues that the defendant's charge of felon-in-possession of ammunition, 18 U.S.C. § 922(g)(1), is a "crime of violence," under the Act.  18 U.S.C. § 3142(f)(1)(A).

Section 3156(a)(4) defines "crime of violence."  Here, the government relies on the definition in Section 3156(a)(4)(B): "any . . . offense that is a felony and that, by its nature,

---

[1] The other statutory grounds for detention are not at issue. The government sought detention only on the bases of danger and risk of flight.  The magistrate judge decided that the defendant is not a risk of flight.  (Doc. #11; Tr. 7/24/12 at 18.)

4

involves a substantial risk that physical force against the person or property of another may be used in the course of committing an offense."  Thus, there are five elements the government must show to qualify.  United States v. Dillard, 214 F.3d 88, 92-93 (2d Cir. 2000), cert. denied, 532 U.S. 907 (2001).  The offense must be (1) a felony; (2) that involves a "substantial risk that physical force against the person or property of another may be used"; (3) the risk of physical force arises from the "nature of the offense"; (4) the risk of physical force would occur "in the course of" the offense; and (5) the risk is "substantial."  Id.

In Dillard, the Second Circuit held that possession of a firearm in violation of § 922(g)(1) met the five elements of a crime of violence.[2]  The crime is a felony.  Id. at 93.  Firearms are instruments "designed for the use of violent physical force."  Id.  With respect to whether a risk of physical force results from the "nature" of the offense, the panel reasoned that "[t]he prohibition of gun possession by previously convicted criminals seeks to protect society by reducing the risk of violence that may result from the possession of guns by persons inclined to crime.  By possessing guns in violation of that law, previously convicted criminals increase the risk that

---

[2] Section § 922(g)(1) provides that it is unlawful for a convicted felon to possess a "firearm or ammunition."

they may engage in violent acts."  Id.  As to whether a risk of physical force would occur "in the course" of committing the offense, the panel stated that "[i]f one uses a gun in an act of violence, that violence necessarily occurs during the possession of the gun."  Id.[3]  Finally, Dillard reasoned that the risk is "substantial" because a significant number of the felons who possess firearms "do so by reason of the utility of guns in threatening or causing violence."  Id. at 95.

The defendant maintains that Dillard does not apply here because ammunition is different than a firearm.  He argues that displaying even an unloaded firearm could be used to coerce a victim and produces an atmosphere of fear and violence but no one is likely to be frightened by ammunition alone.  (Doc. #26 at 3-4; Tr. 9/6/12 at 20.)  The defendant adds that the felon-in-possession of a firearm offense is not considered a crime of violence in other circuits, and he argues that if it is a "close question" whether a felon's possession of a firearm is a violent crime, then possession of the less-potent ammunition clearly is

---

[3] The Second Circuit noted in a dictum that it "assume[d], without deciding" that "the risk of force must result from the characteristics of the offense, rather than from the defendant's manner of carrying it out."  Dillard, 214 F.3d at 92.  In this case, the parties address the question of whether the court should adopt the former approach ("categorical approach") or the latter ("case-by-case approach").  Because here, as in Dillard, the risk of force arises from the characteristics of the offense, the court need not address the argument.  See, e.g., United States v. Carswell, 144 F. Supp. 2d 123, 131 (N.D.N.Y. 2001).

not.  (Tr. 9/6/12 at 15-16.)  However, as the Second Circuit reasoned in Dillard,

> By definition, without possessing a gun, one cannot use a gun for the commission of a violent act; with a gun, one can.  Possession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence. . . .  Criminals who are intent on committing bank robberies, murders, extortions and other crimes of violence characteristically possess guns to aid them in such criminal acts.  Without possession of guns such persons are far less capable of committing acts of violence.

Dillard, 214 F.3d at 93.  This reasoning applies equally to firearms and ammunition.  Even if seeing ammunition alone is not as frightening as seeing a gun, possession of ammunition by a felon makes him more capable of inflicting physical harm on others and increases the risk that he might do so.  See, e.g., United States v. Carswell, 144 F. Supp. 2d 123, 132 (N.D.N.Y. 2001) (citing Dillard).  As for the defendant's argument that the holding in Dillard is a close question in light of a circuit split, the court is bound by the Second Circuit precedent.

    B.  Safety of Community

Having determined that a felon's possession of ammunition in violation of § 922(g)(1) is a crime of violence, the next determination to be made is whether any condition or combination of conditions of release will protect the safety of the community.  United States v. Friedman, 837 F.2d 48, 49 (2d Cir.

7

1988).  This determination is guided by the factors set forth in § 3142(g).

        1. <u>The Nature and Circumstances of the Offense Charged</u>

The first factor in Section 3142(g) is the "nature and circumstances of the offense charged."  18 U.S.C. § 3142(g)(1)  The offense charged here is Possession of Ammunition by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2.  According to the government's proffer,[4] on July 15, 2012, the defendant and four associates, all convicted felons, purchased ammunition at Cabela's sporting goods store in East Hartford.  There is video surveillance of the men in the store, handling the ammunition and exchanging money.  The defendant provided money for the purchase.  After they bought the ammunition, all five got into the same car and left.  Two of the co-defendants were dropped off at 4648 Pliny Street in Hartford.

A few days later, on July 18, investigators searched the basement at the Pliny Street address.  They found and seized the boxes of ammunition that had been purchased at Cabela's.  By this time a couple of boxes were no longer full.  They found a Cabela's bag.  They also seized additional ammunition and some

---

    [4]"The rules of evidence do not apply in a detention hearing. . . .  Further, the government may proceed by proffer."  <u>United States v. Ferranti</u>, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

8

magazines, a handgun loaded with seven rounds and one in the chamber, a loaded .38 and a loaded shotgun.

The defendant was interviewed by investigators. He admitted that he and his associates had gone to Cabela's to buy ammunition. He said one of his co-defendants wanted to buy a variety of ammunition: .9 millimeter, .45 caliber and .380 caliber. The defendant located the .9 millimeter ammunition in the store and gave it to one of the codefendants. The defendant admitted knowing about the guns stored at Pliny Street; he said that they were "shared." His was the 9mm. He shared it with his cousin. As of the date of the hearing, investigators had not located the gun. The defendant reported that his cousin took it because he was "bugging out."

    2. <u>The Weight of the Evidence against the Accused</u>

The next factor to consider is the "weight of the evidence against the accused." 18 U.S.C. § 3142(g)(2). The evidence is solid. There is a videotape of the incidents at the store, a seizure of loaded guns and ammunition from the Pliny Street address, and post-arrest admissions.

    3. <u>The History and Characteristics of the Defendant</u>

Next, the court looks at the "history and characteristics of the defendant."[5] 18 U.S.C. § 3142(g)(3)(A) and (B). The

---

[5]Some of the information about the defendant's background was proffered by counsel at the July 24 hearing. Other

9

defendant is a 28-year-old man who was born and raised in Hartford.  He has no contact with his father, and his mother now lives in North Carolina.  He lives in Willimantic with his pregnant girlfriend and has another child who is three years old.  His girlfriend is willing to act as a custodian.  A cousin and brother offered to cosign a non-surety bond.

The defendant is unemployed.  He has had some job training, but he has never had a job.  Although his girlfriend initially told the Pretrial Services Officer that she is unemployed, she later said that she works under the table a few days a week as a hairdresser.  They get food stamps.  Both their mothers help by sending money.

The defendant is in good physical health.  He has no history of mental health issues.  He uses marijuana every day.

The defendant's criminal record is daunting.  It begins at age 15 and continues uninterrupted to the present.  In those 13 years, he has been arrested 22 times.  His record shows 14 convictions, 6 for felonies.  He has been convicted of 3 narcotics offenses, one burglary, one larceny, a violation of a protective order and 5 probation violations.  He has been charged with failure to appear 11 times on 6 different occasions.  Most of the failure to appear charges were in

---

information was contained in the Pretrial Services Report dated July 22, 2012.

connection with charges of driving suspension and resulted in <u>nolles</u> but he has one conviction.  For his entire adult life, the defendant either has been in jail or under some kind of court supervision.

    The defendant was on release pending trial at the time of the instant offense.  Three weeks before his alleged purchase of ammunition in this case, on June 29, 2012, the defendant was arrested on state charges of sale of illegal drugs and possession of narcotics.  He was released on bond.  About a week later, on July 7, 2012, he was arrested for criminal trespass.  Again he was released.  About a week after that, he was involved in the incidents which form the basis of the charges in this offense.

    4. <u>The Nature and Seriousness of the Danger posed by Release</u>

    Finally, the court considers the "nature and seriousness of the danger to any person or the community that would be posed" by the defendant's release. 18 U.S.C. § 4132(g)(4).  The defendant is a repeat offender whose criminal activity has continued unabated since he was a teenager.  This was in spite of much court supervision.  He has repeated involvement in drug sales and other serious crimes, and admitted that he co-owned one of the stash of loaded weapons seized from Pliny Street.  He has violated probation, bond conditions, a protective order and

11

has failed to appear.  He has amply demonstrated that his criminal behavior cannot be controlled by court orders or supervision.  For all these reasons, the court finds that the government has met its burden of showing by clear and convincing evidence that the defendant is a danger to the community.

   III. Conclusion

   For the foregoing reasons, the defendant's motion, doc. #14, is denied.  The Order of Detention (doc. #11) remains in effect.

   SO ORDERED at Hartford, Connecticut this 25th day of September, 2012.

                            _____/s/_____
                            Donna F. Martinez
                            United States Magistrate Judge